UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN SEAN WOOD, | : | |
| | : | |
| Plaintiff | : | No. 4:CV-04-1693 |
| | : | |
| vs. | : | (Complaint Filed 08/02/04) |
| | : | |
| | : | (Judge Muir) |
| DR. ROMEO, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

January 20, 2006

**BACKGROUND**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, Ian Sean Wood, is an inmate currently confined in the State Correctional Institution, Coal-Township, Pennsylvania. He complains of incidents which occurred at his former place of confinement, the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"). Specifically, he alleges that after being attacked by another inmate on December 3, 2002, defendants were deliberately indifferent to his serious medical needs to his face and eye, in violation of his Eighth Amendment rights. (Doc. No. 1, complaint). Named as defendants in the complaint are Dr. Joseph Romeo, Dr. John J. Schietroma, and the SCI-Rockview Medical

Administration. By Order dated September 2, 2005, the motion to dismiss defendant, Dr. Schietroma was granted and summary judgment was entered in favor of defendant, Dr. Romeo. (Doc. No. 67). Presently before the court is a motion for judgment on the pleadings, filed on behalf of the remaining defendant, SCI-Rockview Medical Administration. (Doc. No. 47). Although the time for the filing of plaintiff's opposing brief has elapsed, he has neither filed an opposing brief, nor has he requested an extension of time within which to do so.[1] Plaintiff therefore is deemed not to oppose the motion. It is noted, however, that defendant's motion is well-taken, and for the reasons set forth below, will be granted.

**Motion for Judgment on the Pleadings Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides as follows:

> **Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be

---

1. Plaintiff was twice granted enlargements of time within which to file a brief in opposition to defendant's motion for judgment on the pleadings. (Doc. Nos. 53, 64).

2

> treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). A Rule 12(c) motion may not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law, . . . view[ing] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Hayes vs. Community Gen. Osteopathic Hosp., 940 F.2d 54, 56 (3d Cir. 1991)(quoting Society Hill Civic Ass'n vs. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)(quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1386, at 690 (1969))). A court may not dismiss a complaint on the pleadings unless no set of facts could be adduced to support the plaintiff's claim for relief. Conley vs. Gibson, 355 U.S. 41, 45-46 (1957).

**Factual Allegations of Plaintiff's Complaint**

On the morning of December 3, 2002, plaintiff was struck in the left eye with a "make shift weapon consisting of a lock in sock or metal of some kind", when he was attacked by another inmate. (Doc. No 1, p. 2, ¶ 2). He was immediately taken to the

3

SCI-Rockview Medical Department.  Id. As a result of the severity of the injury to his face, Wood was transported by prison security to a medical facility in State College, Pennsylvania, for treatment, where he was told that he needed immediate surgery for his eye.  (Doc. No. 1, p. 2, ¶ 3). Plaintiff was then taken to Pinnacle Hospital, Harrisburg, Pennsylvania, where his surgery was performed by Dr. Schietroma. (Doc. No. 1, p. 2A, ¶ 4).

   Plaintiff alleges that as a result of Dr. Schietroma's "apparent deliberate indifference to [his] quality of life, the plaintiff's bottom muscle of his left eye was left now in his nose cavity and the plaintiff now suffers difficulty breathing" as well as "numbness from the crown of his head to the bottom of his left side of upper lip and also has lost some if not all feeling in his teeth and gums on said such side."  Id. at ¶ 6. He also suffers the additional problems of "having double vision, accompanied with severe headaches and occasional nose bleeding."  Id. at ¶ 7.

   Wood states that "although he continues to complain to defendant, Dr. Romeo, SCI-Rockview Medical Department, he has been repeatedly subjected to suffer cruel and unusual medical

4

and psychological abuse at the hands of defendant Dr. John J. Schietroma." Id. at ¶ 8. Plaintiff believes that he "has no means of seeking or obtaining alternative medical care and treatment except what defendants of the SCI-Rockview medical department prescribes and under contractual agreement they are willing or, unwilling afforded." Id. at ¶ 9.

On August 2, 2004, Wood filed the instant action in which he seeks "an injunction mandating defendant, Dr. Romeo, SCI-Rockview, to send plaintiff to another medical provider to correct the medical abuse caused by defendant Schietroma", as well as compensatory and punitive damages from each defendant. (Doc. No. 1, p. 3, ¶ 2).

**Discussion**

In order to prevail on a claim made under § 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person who caused the deprivation acted under color of state or territorial law. West vs. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. vs. Brooks, 436 U.S. 149, 155 (1978).

In this case, the only remaining defendant is SCI-Rockview Medical Administration. This agency, however, is not a "person"

5

which is amenable to suit within the meaning of § 1983.  <u>See e.g.</u> Mitchell vs. Chester County Farms Prison, 426 F.Supp. 271 274 (E.D. Pa 1976) (An agency of a county, such as a county prison, is not a person subject to suit under § 1983); Brooks vs. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989)(City Jail was not "person" amenable to suit under § 1983). Thus, by naming only the Medical Administration, Wood has failed to allege that a person acting under color of state law violated his constitutional rights, and has, therefore, failed to set forth a cognizable claim under 42 U.S.C. § 1983.  <u>See</u> Burgess vs. SCI-Medical Facility, Civ. No. 96-0636, slip. op. at p. 2 (M.D. Pa. May 9, 1996)(Vanaskie, J.).

Moreover, the gist of plaintiff's complaint is that he did not receive appropriate medical treatment. In the context of medical care, the relevant inquiry is whether defendants were: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element). Monmouth County Correctional Institution Inmates vs. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West vs. Keve, 571 F.2d 158, 161 (3d Cir. 1979).  Because only flagrantly egregious acts or omissions can violate this standard, mere medical malpractice

can not result in an Eighth Amendment violation, nor can disagreements over a prison physician's medical judgment. White vs. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment...." Estelle vs. Gamble, 429 U.S. 97, 106 (1976). "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill vs. Gillis, 372 F.3d 218, 235. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown vs. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. <u>See</u> Durmer vs. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Additionally, if there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician.

7

Little vs. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desires. Farmer vs. Carlson, 685 F. Supp. at 1339.

The allegations contained in the complaint reveal that after the assault, plaintiff was immediately taken to the SCI-Rockview Medical Department; transferred to an outside medical facility in State College, Pennsylvania; treated by an outside physician who recommended immediate surgery, which he then received. (Doc. No. 1, pp. 2, 2A, ¶¶ 2, 3, 5). Plaintiff also admits to having been examined at three medical facilities outside of the prison, one of which was at the office of an eye specialist. Id. at p. 2A, ¶ 4. Thus, the allegations contained within the complaint establish meaningful efforts by the defendants to provide plaintiff with necessary medical care, and an attendant mental state that falls woefully short of deliberate indifference. Indeed, plaintiff's allegations of the scope and quality of medical attention that the defendants provided precludes a finding of deliberate indifference on behalf of the SCI-Rockview Medical Administration.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The motion for judgment on the pleadings, filed on behalf of the SCI-Rockview Medical Administration, (Doc. No. 47) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of the SCI-Rockview Medical Administration and against the plaintiff.

3. Plaintiff's motion to amend his civil action (Doc. No. 61) is denied.[2]

4. Defendant's motion to strike plaintiff's request to amend his civil action (Doc. No. 62) is **DISMISSED** as moot.

5. The Clerk of Court is directed to **CLOSE** this case.

6. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                    s/Malcolm Muir
                    MUIR
                    United States District Judge

---

2. Plaintiff filed a request for amendment of his civil action in which he seeks to add new defendants and claims. (Doc. No. 61). Plaintiff's claims, however, occurred subsequent to the filing of the instant action and in no way relate back to his original complaint or the original defendants. See Fed.R.Civ.P. 15(c). Thus, plaintiff's "amendment" constitutes a new cause of action involving persons who are strangers to the existing action. Such "amendment" would be more appropriately filed as a new action.